United States Bankruptcy Court
Middle District of Pennsylvania

In re:                                                              Case No. 19-00768-RNO
Catherine Mae Koons                                                 Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-5          User: admin              Page 1 of 1              Date Rcvd: May 30, 2019
                              Form ID: 318             Total Noticed: 11

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 01, 2019.
db            +Catherine Mae Koons,  510 W. Norwegian Street, Apt. 506,  Pottsville, PA 17901-2859
5166024      ++M&T BANK,  LEGAL DOCUMENT PROCESSING,  626 COMMERCE DRIVE,  AMHERST NY 14228-2307
               (address filed with court:  M&T Bank,  ATTN: Wally Dillsworth,  475 Cross Point Parkway,
               Getzville, NY 14068)
5166025       +MRS BPO, L.L.C.,  1930 Olney Ave.,  Cherry Hill, NJ 08003-2016
5166026        PNC Bank,  P.O. Box 747066,  Pittsburgh, PA 15274-7066
5166027        Portnoff Law Assoc, Ltd.,  P.O. Box 3020,  Norristown, PA 19404-3020
5166028       +Schuylkill County Treasurer,  401 N. 2nd Street,  Pottsville, PA 17901-1756
5166029       +Social Security Administration,  Suite 200,  2221 W Market Street,
               Pottsville, PA 17901-1822
5166030        UGI Central,  P.O. Box 15503,  Wilmington, DE 19886-5503

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr            +E-mail/Text: wschwab@iq7technology.com May 30 2019 19:16:37    William G Schwab (Trustee),
               William G Schwab and Associates,  811 Blakeslee Blvd Drive East,  PO Box 56,
               Lehighton, PA 18235-0056
5166023        E-mail/Text: camanagement@mtb.com May 30 2019 19:16:16    M&T Bank,  P.O. Box 767,
               Buffalo, NY 14240
5197141       +E-mail/Text: atoomey@co.schuylkill.pa.us May 30 2019 19:16:26
               Schuylkill County Tax Claim Bureau,  401 N. 2nd Street,  Pottsville, PA 17901-1756
                                                                                            TOTAL: 3

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 01, 2019                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 30, 2019 at the address(es) listed below:
        James  Warmbrodt    on behalf of Creditor   M&T BANK bkgroup@kmllawgroup.com
        Ronald R Pellish    on behalf of Debtor 1 Catherine Mae Koons rpellish@pellishlaw.com
        United States Trustee    ustpregion03.ha.ecf@usdoj.gov
        William G Schwab (Trustee)    schwab@uslawcenter.com,
        wschwab@iq7technology.com;ecf@uslawcenter.com
                                                                                            TOTAL: 4

| | | |
|---|---|---|
| Debtor 1 | **Catherine Mae Koons** | Social Security number or ITIN    xxx–xx–0605 |
| | First Name    Middle Name    Last Name | EIN    _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN    _ _ _ _ <br> EIN    _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court    **Middle District of Pennsylvania**

Case number:    **5:19–bk–00768–RNO**

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Catherine Mae Koons
fka Catherine Palsgrove Koons

**By the court:**

Honorable Robert N. Opel, II
United States Bankruptcy Judge

5/30/19

By: AutoDocketer, Deputy Clerk

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318        **Order of Discharge**        page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support
obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has
decided or will decide are not discharged
in this bankruptcy case;

♦ debts for most fines, penalties,
forfeitures, or criminal restitution
obligations;

♦ some debts which the debtors did not
properly list;

♦ debts for certain types of loans owed to
pension, profit sharing, stock bonus, or
retirement plans; and

♦ debts for death or personal injury caused
by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation
agreement are not discharged.

In addition, this discharge does not stop
creditors from collecting from anyone else who is
also liable on the debt, such as an insurance
company or a person who cosigned or
guaranteed a loan.

> **This information is only a general summary
> of the bankruptcy discharge; some
> exceptions exist. Because the law is
> complicated, you should consult an
> attorney to determine the exact effect of the
> discharge in this case.**